UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNZHI GAO,

                       Plaintiff,

-v-

YONG YANG and EMPEROR AUTO, INC.,

                       Defendants.

20-CV-7285 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Yunzhi Gao brings this suit against Yong Yang and Emperor Auto, Inc. for violations of Sections 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated under the Exchange Act, 17 C.F.R. § 240.10b-5, as well as associated contract, fraud, and veil-piercing claims. (Dkt. No. 1 ("Compl.")) Defendants move to dismiss. For the reasons that follow, Defendants' motion is granted.

**I.    Background**

    The following facts are taken from the operative complaint and documents incorporated by reference therein. *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (citation omitted).

    Around November 2018, Yang solicited an investment from Gao for Emperor Auto, of which he was the sole shareholder. (Compl. ¶¶ 8–9.) At all times, Yang was Emperor Auto's sole corporate officer. (Compl. ¶ 17.) Yang told Gao that he wanted to sell a portion of his ownership to raise money for the company and explained that the funds would be "invested" in Emperor Auto "as its working capital." (Compl. ¶ 11.) Yang further "asserted" to Gao that his investment "would be used to pursue distributorship from a major supplier" which would greatly increase profitability. (Compl. ¶ 12.)

In December 2018, Gao purchased 80 shares of Emperor Auto, representing 40 percent of the corporation, paying $200,000. (Compl. ¶ 13; Dkt. No. 11-1 ("Agr.").) The purchase agreement states that "Seller represents that as an inducement to the Purchaser, the Seller will deposit the [investment] directly into the Corporation's official bank at the Closing as the Corporation's working capital." (Agr. § 6.xvii.)

Soon after its deposit, Yang withdrew Gao's investment in Emperor Auto and used it for personal expenses, including the purchase of a luxury vehicle for Yang's personal use. (Compl. ¶¶ 20, 28.) None of Gao's investment was used to pursue a distributorship. (Compl. ¶ 21.)[1]

Gao filed the present suit on September 7, 2020. (*See* Compl.)

## II.     Legal Standard

To overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Securities fraud claims, however, demand more: to survive a motion to dismiss, plaintiffs must satisfy "heightened pleading requirements." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). "[A] party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Similarly, the Private Securities Litigation Reform Act ("PSLRA") sets forth that when a plaintiff alleges securities fraud for an untrue statement or omission of a material fact, "the complaint shall specify each statement alleged to have been

---

[1] Yang submits a bank statement he claims demonstrates the investment was used for business purposes, but the Court does not consider extrinsic evidence not incorporated by reference into the complaint on a motion to dismiss.

misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *see also Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000) (explaining similar requirements under Federal Rule of Civil Procedure 9(b)). Moreover, the plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." § 78u-4(b)(2)(A). "To qualify as 'strong' . . . an inference of scienter must be more than merely plausible or reasonable — it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

### III.  Discussion

Gao alleges violations of Section 10(b) of the Exchange Act and Rule 10b-5, as well as claims for breach of contract, fraud, breach of the covenant of good faith and fair dealing, and veil-piercing. Yang moves to dismiss, arguing, *inter alia*, that Gao has not met the heightened pleading standard for securities fraud claims.

Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder prohibit "mak[ing] any untrue statement of a material fact or . . . omit[ting] to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. A claim made under these provisions must establish "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or a sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 157 (2008).

In his complaint, Gao seemingly alleges that Yang made three statements: (1) Yang "repeatedly asserted" to Gao by phone and other means that Emperor Auto "was seeking to become a distributor for certain auto products which would significantly increase [Emperor Auto's] revenue and profit if its effort was successful"; (2) Yang told Gao his investment "was needed in order to facilitate such effort"; and (3) Yang "promised" Gao that his investment would be deposited into Emperor Auto's bank account and "used exclusively as the Corporation's working capital in pursu[it] of the distributorship." (Compl. ¶¶ 23–25.)

Gao's scant complaint does not fulfill the PSLRA's requirement to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, [to] state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).  This is particularly so given that "expressions of puffery and corporate optimism do not give rise to securities violations," and securities plaintiffs "must demonstrate with specificity why and how" statements are misleading. *Rombach v. Chang*, 355 F.3d 164, 174 (2d. Cir. 2004).

Defendants argue that the loss of Gao's investment is due to the COVID-19 pandemic and resulting economic downturn, which affected Emperor Auto. (Dkt. No. 11 at 1.)  Gao's complaint, as bare as it is, does not allow this Court to draw a sufficiently strong inference otherwise.  His complaint lacks dates and details and he seemingly has realized as such, attempting to supplement it with an affidavit, which may not be considered on a motion to dismiss.  *See Thomas v. Goord*, 215 Fed. App'x. 51, 52 (2d Cir. 2007) (considering "only" the complaint, documents incorporated by reference, and matter of which judicial notice may be taken).  Gao's complaint fails to meet the heightened pleading standard expected of securities

4

litigants and must be dismissed.

As Gao's securities claims were his only federal claims, this Court declines jurisdiction over his remaining state-law claims. *See, e.g., Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Gao is granted leave to amend, provided that any amended complaint must be filed within 21 days after the date of this Opinion and Order. If Gao elects not to file an amended complaint, he is directed to file a letter to that effect by the same date, and the Court will enter judgment, permitting an appeal.

The Clerk of Court is directed to close the motion at Docket Number 13.

SO ORDERED.

Dated: August 4, 2021
       New York, New York

                                            J. PAUL OETKEN
                                            United States District Judge